48 F.3d 562
 310 U.S.App.D.C. 386
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
COMCAST CABLEVISION OF PHILADELPHIA, L.P., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 93-1828.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 7, 1995.
 
 On petition for review and Cross-Application for enforcement of a decision of the National Labor Relations Board.
 NLRB
 PETITION GRANTED IN PART, DENIED IN PART.
 Before: EDWARDS, Chief Judge, RANDOLPH and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on petition for review and cross-application for enforcement of a decision of the National Labor Relations Board ("Board"), and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). With respect to the Board's findings that petitioner Comcast Cablevision of Philadelphia, L.P. ("Comcast") violated sections 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. Secs. 158(a)(1), (3) (1988), the Court denies the petition for review and grants the cross-application for enforcement for essentially the reasons stated by the Board. The Court grants the petition for review and denies the cross-application for enforcement with respect to the Board's bargaining order, because the Board failed to provide a reasoned justification for the order. In particular, the Board failed to consider (1) whether or not there was employee turnover at Comcast and, if so, what effect such turnover would have on the appropriateness of a bargaining order; and (2) whether other remedies would be adequate to erase the effects of the past unfair labor practices and to ensure a fair rerun election at Comcast. See Davis Supermarkets, Inc. v. NLRB, 2 F.3d 1162, 1171, 1175-76 (D.C.Cir.1993), cert. denied, 114 S.Ct. 1368 (1994); Somerset Welding & Steel, Inc. v. NLRB, 987 F.2d 777, 781-82 (D.C.Cir.1993); id. at 782 (Edwards, J., concurring in the judgment); Avecor, Inc. v. NLRB, 931 F.2d 924, 936-38 (D.C.Cir.1991), cert. denied, 112 S.Ct. 912 (1992). The Court remands this case to the Board to reconsider the bargaining order issue and to make any necessary findings with respect thereto. Accordingly, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review is granted in part and denied in part, and the cross-application for enforcement is granted in part and denied in part.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.